**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paradigm Precision Holdings, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Prospect Manufacturing d/b/a Sonic Machine and Tool, LLC, an Arizona limited liability company; John Mohnach and Sharon Mohnach, husband and wife; Scott Mohnach and Jennifer Reiner, husband and wife,<br><br>　　　　　Defendants.<br><br>Prospect Manufacturing d/b/a Sonic Machine and Tool, LLC, an Arizona limited liability company,<br><br>　　　　　Counterclaimant,<br><br>vs.<br><br>Paradigm Precision Holdings, LLC, a Delaware limited liability company and Smith West LLC, a Delaware limited liability company,<br><br>　　　　　Counterdefendants | No. 08-CV-00573-PHX-FJM<br><br>**ORDER** |

1  The court has before it counterdefendant Smith West LLC's ("Smith West") motion to
2  dismiss (doc. 45), counterclaimant Prospect Manufacturing d/b/a Sonic Machine and Tool
3  LLC's ("Sonic") response (doc. 48), and counterdefendant's reply (doc. 54).

**I**

5  Both Smith West and Sonic manufacture and sell precision machine parts for the
6  aerospace industry.  Smith West is a wholly-owned subsidiary of Paradigm Precision
7  Holdings, LLC ("Paradigm").  Paradigm brought this action against the defendants
8  alleging several causes of action, most of which stem from a supply agreement between
9  Sonic and Smith West.  Paradigm asserts that it is the proper party to bring this action
10 because it has been assigned all of Smith West's rights and obligations under the supply
11 agreement. Motion to Dismiss at 2-3.

12 Sonic filed a counterclaim against both Paradigm and Smith West for breach of the
13 supply agreement.  Although not a party to the supply agreement, Sonic joined Paradigm
14 as a counterdefendant because Paradigm "claims in the Complaint that it is the successor
15 to [Smith West] and/or a permitted assignee of [Smith West] under the Agreement."
16 Answer and Counterclaim at 17.  Smith West now moves to dismiss the counterclaim as
17 to itself arguing that Sonic consented to Smith West's assignment of the supply
18 agreement.  Smith West's argument is based on an email exchange between lawyers for
19 Sonic and Smith West between May 6 and May 27, 2008.

**II**

21 Smith West does not state under which federal rule of civil procedure it brings this
22 motion.  Because it is styled as a motion to dismiss, we treat it as one under Rule
23 12(b)(6), Fed. R. Civ. P.

24 "Generally, the scope of review on a motion to dismiss for a failure to state a claim is
25 limited to the contents of the complaint." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.
26 2006).  Evidence outside the pleadings may be considered if the complaint "necessarily
27 relies" on a document and "(1) the complaint refers to the document; (2) the document is
28 central to the plaintiff's claim; and (3) no party questions the authenticity of the copy

1  attached to the 12(b)(6) motion." Id. A court may also consider evidence outside the
2  pleadings if the motion to dismiss is converted to a motion for summary judgment. Fed.
3  R. Civ. P. 12(d); Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir.
4  1998).

5  Sonic's counterclaim could not have necessarily relied on the emails attached to Smith
6  West's motion because they were created after the counterclaim was filed. If we consider
7  this email exchange, we must convert Smith West's motion to dismiss into a motion for
8  summary judgment. We will exercise our discretion to do so. Because both parties have
9  referred to matters outside of the pleadings, they have been 'fairly apprised' that the court
10 would be deciding a motion for summary judgment. Cunningham, 143 F.3d at 549. This
11 issue has been fully briefed, and further discovery is unlikely to lead to additional
12 relevant evidence.

### III

14 The parties do not dispute that Sonic consented to Smith West's assignment of
15 contractual rights to Paradigm. They dispute, however, the effect of that consent. Sonic's
16 lawyer, Mr. Gallagher, stated in his May 6, 2008 email:

> Our clients have agreed to consent to the assignment of the Sonic Agreement from Smith West, LLC ("Smith West") to [Paradigm]. [Paradigm's] Reply Memorandum of Law in Further Support Of Its Application states (at 6) that "Smith West, LLC ... has authorized its parent, [Paradigm], to prosecute these claims, and *has assigned its claims under the Agreement* to [Paradigm]." (Emphasis added).

Motion to Dismiss, Ex. 4 (emphasis in original). Smith West claims that Sonic has
agreed to the assignment without restrictions and without retaining any rights to
enforce obligations against Smith West. Motion to Dismiss at 6. Sonic counters
that its consent was to an assignment of rights only and that Smith West remains
liable under the supply agreement. We agree.

A party to a contract does not avoid contract obligations by simply assigning
that contract. Grant v. Harper, 29 Ariz. 41, 44, 239 P. 296, 297 (1925). An
assignment does not "discharge[] any duty or liability of the delegating obligor"

- 3 -

1 unless agreed to by the obligee. Restatement (Second) of Contracts, § 318 (3)
2 (1981). To avoid liability, Smith West must show that Sonic agreed to Smith
3 West's assignment of both claims and liabilities to Paradigm. Id. § 318 cmt. d
4 ("An obligor is discharged by the substitution of a new obligor only if the contract
5 so provides or if the obligee makes a binding manifestation of assent, forming a
6 novation.").

7 Smith West claims that Sonic consented to a general assignment of the supply
8 agreement, thereby releasing Smith West of its liabilities. Smith West has shown
9 no evidence, however, of a general release other than pointing to the language of
10 Sonic's consent. Taken in context, Sonic's consent neither expressly nor impliedly
11 released Smith West of its liabilities. Consent was only granted while specifically
12 emphasizing that the assignment had been characterized by Paradigm as an
13 assignment of claims under the agreement.

14 Smith West also argues that Sonic has assented to a novation in substance. A
15 novation, or the complete substitution of one party for another, requires the assent
16 of all parties involved. Catalina Groves, Inc. v. Oliver, 73 Ariz. 38, 42, 236 P.2d
17 1022, 1025 (1951); see also Dunbar v. Steiert, 31 Ariz. 403, 405, 253 P. 1113,
18 1114 (1927). Assent may be shown by either express words, facts and
19 circumstances surrounding the transaction, or the conduct of parties. Catalina, 73
20 Ariz. at 42, 236 P.2d at 1025. The intent of the parties is the determining factor in
21 whether a novation has been accomplished. Id.

22 Smith West fails to show that Sonic agreed to a novation in substance. First,
23 Sonic did not expressly agree to substitute Paradigm as a party to the supply
24 agreement. Motion to Dismiss, Ex. 4. Second, after consenting to the assignment,
25 Sonic dropped its challenge to Paradigm's standing, but refused to drop its breach
26 of contract claim against Smith West. Sonic's actions are consistent with and
27 show a clear intent to consent to an assignment of rights and not a novation.
28

- 4 -

1    We conclude that Sonic's consent to the assignment did not alleviate Smith
2 West of its liability under the supply agreement.

### IV

4    Smith West also argues that, in the absence of general consent by Sonic,
5 Paradigm should be allowed to amend its complaint to substitute Smith West as the
6 proper plaintiff. <u>Reply</u> at 7.  But no such motion is before us.  The plaintiff,
7 Paradigm, is the proper party to move for leave to amend its pleadings.  Fed. R.
8 Civ. P. 15(a)(2) ("a party may amend its pleading").  Even were Smith West the
9 proper party to make such a motion, it has failed to comply with the local rules.  A
10 party who moves for leave to amend "must attach a copy of the proposed amended
11 pleading as an exhibit to the motion."  LRCiv 15.1.  Finally, if it is the case that
12 Smith West has assigned its rights under the contract to Paradigm, Smith West no
13 longer owns those rights and thus would not be able to enforce them as a plaintiff
14 here.

### V

16    Accordingly, **IT IS ORDERED DENYING** counterdefendant's motion to
17 dismiss (doc. 45).

18    DATED this 24th day of September, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge