**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paradigm Precision Holdings, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Prospect Manufacturing d/b/a Sonic Machine and Tool, LLC, an Arizona limited liability company; John Mohnach and Sharon Mohnach, husband and wife; Scott Mohnach and Jennifer Reiner, husband and wife,<br><br>　　　　　Defendants.<br><br>Prospect Manufacturing d/b/a Sonic Machine and Tool, LLC, an Arizona limited liability company,<br><br>　　　　　Counterclaimant,<br><br>vs.<br><br>Paradigm Precision Holdings, LLC, a Delaware limited liability company and Smith West LLC, a Delaware limited liability company,<br><br>　　　　　Counterdefendants | No. 08-CV-00573-PHX-FJM<br><br>**ORDER** |

1    The court has before it plaintiff/counterdefendant Paradigm Precision Holdings,
2 LLC's ("Paradigm") and third-party defendant Smith West LLC's ("Smith West") motion
3 to strike (doc. 75), defendants John Mohnach, Sharon Mohnach, Scott Mohnach, Jennifer
4 Reiner and defendant/counterclaimant Prospect Manufacturing d/b/a Sonic Machine and
5 Tool LLC's (collectively "defendants") response and cross motion for leave to amend and
6 declaration of Peter Gallagher (docs. 82 & 83), and Paradigm and Smith West's reply
7 (doc. 89). We also have before us Paradigm's motion for leave to amend and proposed
8 amended complaint (docs. 84 & 85).

9    Paradigm brings this action against defendants alleging several causes of action, most
10 of which stem from agreements between defendants and Smith West. Defendants answered
11 Paradigm's complaint and filed a counterclaim against both Paradigm and Smith West, which
12 Paradigm answered (doc. 43). Instead of filing an answer, Smith West filed a motion to
13 dismiss (doc. 45). We denied Smith West's motion (doc. 68) and Smith West answered the
14 counterclaim on October 13, 2008 (doc. 74). On October 3, 2008, before Smith West had
15 filed an answer, defendants filed a first amended answer and counterclaim, without leave of
16 court, adding three affirmative defenses (doc. 71). Paradigm and Smith West move to strike
17 defendants' first amended answer and counterclaim and defendants cross-move for leave to
18 amend. Paradigm also moves for leave to amend its complaint.

19    Defendants argue that their amended answer and counterclaim was properly filed as
20 of right because Smith West had not yet answered their counterclaim. Rule 15 allows parties
21 to amend a pleading without leave of court before a responsive pleading is served. Fed. R.
22 Civ. P. 15(a)(1)(A). In an action with multiple defendants, or in this case, counterdefendants,
23 where some have filed a responsive pleading and others have not, a party may amend its
24 pleading as a matter of course as to the non-answering defendants only. See Williams v.
25 Board of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); Barksdale v. King, 699 F.2d 744,
26 747 (5th Cir. 1983). Therefore, defendants were only permitted to amend their counterclaim
27 as to Smith West, the non-answering party, as a matter of course. Because defendants'
28

1 amendments apply only to Paradigm as the plaintiff, the filing was not proper without leave
2 of court.

3     Defendants also move for leave to file their amended answer and counterclaim if we
4 conclude it was not filed as of right. We grant the motion (doc. 82). We also will grant
5 Paradigm's motion for leave to amend to ensure final resolution of all disputes without delay
6 or prejudice to defendants. See Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962).
7 Defendants will have an opportunity to answer Paradigm's amended complaint and may add
8 their affirmative defenses at that time.

9     Accordingly, **IT IS ORDERED GRANTING** Paradigm and Smith West's motion
10 to strike (doc. 75). **IT IS FURTHER ORDERED GRANTING** defendants' cross
11 motion for leave to amend (doc. 82). **IT IS FURTHER ORDERED GRANTING**
12 Paradigm's motion for leave to amend (doc. 84).

13     We encourage the parties to cooperate with each other over matters as trivial as
14 those raised by these motions. It is a waste of the clients' money and the court's time to
15 deal with matters so inconsequential. See Rule 1, Fed. R. Civ. P.

16     DATED this 2nd day of December, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge